UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-476 CAS ) ) |
| ENVIROTECH, INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on various pending motions, including defendants Envirotech, Inc. ("Envirotech") and Renovation Services, Inc.'s ("Renovation Services") motion to dismiss the amended complaint for failure to state a claim.[1] Defendants state the amended complaint should be dismissed because it fails to allege any violation of the collective bargaining agreement ("CBA"), and fails to allege any claim upon which relief can be granted. Plaintiffs oppose the motion, but essentially concede that they have not alleged a breach of the CBA in Counts I or II. For the following reasons, the Court will grant in part and deny in part defendants' motion to dismiss.

**Standard of Review.**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

---

[1] The pending motions were originally filed by defendant Envirotech. Defendant Renovation Services moved to join in the motions. The Court will grant Renovation Services motion to join in Envirotech's motions. [Doc. 24]

on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n.3." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 1969 (quoted case omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 1964-65; Fed. R. Civ. P. 8(a)(2).

**Discussion.**

Plaintiffs bring their amended complaint in three counts: Liability of Defendant Envirotech, Inc. and Request for Accounting and Recovery of Amounts Due (Count I); Defendants are Single Employers (Count II); and Defendant Renovation Services, Inc. Is the Alter Ego of Defendant Envirotech, Inc. (Count III).

*(a)    Count I*

In Count I, plaintiffs allege that Envirotech is bound by a CBA to make payments to the Construction Laborers Benefit Funds. The CBA also provides that the trustees of these funds shall be permitted to conduct a financial examination of defendant's books to ensure payments have been

2

properly made. As for the alleged wrongful conduct, plaintiffs state: "Although defendant Envirotech, Inc. has paid some contributions and submitted some reports for the period of April 2000 to the present, it is impossible to determine the accuracy of these reports and contributions absent a compliance financial examination of defendant Envirotech, Inc." Am. Compl., ¶ 11. Plaintiffs proceed to detail the damages they are entitled to recover, and ask the Court, inter alia, "[f]or an interlocutory order of accounting requiring defendant Envirotech, Inc. to submit its books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs during [this] period." Am. Compl., ¶ 13A.

In their motion to dismiss, defendants argue that plaintiffs have not alleged any breach of the CBA, and therefore the amended complaint must be dismissed for failure to state a claim. Upon even a cursory review of the amended complaint, it is apparent that no breach of contract is alleged. The amended complaint does not allege that plaintiffs have sought a financial examination of defendant's books, and defendant refused. It merely alleges that plaintiffs and defendant Envirotech signed a CBA that gives plaintiffs the right to examine Envirotech's books. The amended complaint then asks the Court to issue an order requiring defendant Envirotech to submit its books and records to plaintiffs.

In their response to defendants' motion to dismiss, plaintiffs concede that they have not alleged any breach of contract. "Count I is merely an assertion of plaintiffs' right to audit defendant Envirotech, Inc. and therefore does not require a showing that defendant has somehow 'breached' plaintiffs' contractual authority to perform the audit." Pl. Resp. at 2. As defendants correctly note, plaintiffs have not addressed the fundamental proposition that a plaintiff must allege facts sufficient

to satisfy the "case or controversy" requirement of Article III of the United States Constitution. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S. Ct. 764 (2007).

To satisfy the "case or controversy" requirement where declaratory judgment is sought, plaintiff must show "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." Id. at 771 (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). Here, plaintiffs have not shown any controversy, much less substantial, of any immediacy to warrant the issuance of a declaratory judgment. Plaintiffs do not need a Court order to examine the financial books of defendant Envirotech. By their own pleading, plaintiffs have established that they have that contractual right. See Am. Compl., ¶ 10. They have not alleged any interference with that right on the part of defendant Envirotech, and they have not alleged any breach of contract. For these reasons, the Court finds plaintiffs have failed to demonstrate in Count I a case or controversy with defendants that would justify the equitable relief sought. Defendants are therefore entitled to a dismissal of Count I.

*(b)* *Count II*

Count II of the amended complaint fares no better. The only additional allegation presented by Count II is as follows:

> 15. Defendant Envirotech, Inc. is a single employer with Renovation Services, Inc. Defendants Envirotech, Inc. and Renovation Services, Inc. have some officers, directors, and employees in common and perform the same type of work. While defendant Envirotech, Inc. is a signatory to collective bargaining agreements with the plaintiff Union, defendant Renovation Services, Inc. is not. Because both entities share employees and perform the same type of work, both groups of employees would constitute an appropriate bargaining unit.

Am. Compl., ¶ 15.

Count II seeks an order from the Court declaring that defendants Envirotech and Renovation Services are a single employer, and an order of accounting requiring both defendants to submit their financial books to plaintiffs for audit. The "single employer" doctrine is a National Labor Relations Board (NLRB) creation that inquires whether two companies should be treated as a single employer for purposes of holding the companies jointly to a single bargaining obligation or for the purpose of joint liability for any unfair labor practices. See Iowa Express Distrib., Inc. v. NLRB, 739 F.2d 1305, 1310 (8th Cir. 1984).

Neither Count I nor Count II, however, alleges any unfair labor practices. Nor does either Count allege any violation of the CBA. In Count II, plaintiffs allege only that defendants have some common officers and employees, and perform the same type of work. Plaintiffs then seek an order declaring defendants a single employer and an order of accounting. See Am. Compl. at ¶ 15. There are no allegations of any wrongdoing in Count II (or Count I), and no allegations of any controversy. Plaintiffs are merely seeking a declaration from the Court that defendants Envirotech and Restoration Services are "single employers." Again, plaintiffs have not demonstrated a case or controversy with defendants that would justify equitable relief. It is worth reiterating that to satisfy this requirement, plaintiff must show a "substantial controversy" of "sufficient immediacy and reality" to warrant the issuance of declaratory judgment. See Medimmune, Inc., 127 S. Ct. at 771. Defendants are entitled to a dismissal of Count II.

*(c)* *Count III*

In Count III, captioned as "Defendant Renovation Services, Inc. is the Alter Ego of Defendant Envirotech, Inc.," plaintiffs state that "[u]pon information and belief, defendants Envirotech, Inc. and Renovation Services, Inc. are paying cash to employees in order to evade their responsibilities to

contribute to the plaintiff Funds." Am. Compl. at ¶ 18. Plaintiffs seek a court order declaring that Renovation Services is the alter ego of Envirotech, and an order of accounting. Like Counts I and II, this Count incorporates all the preceding paragraphs of plaintiffs' amended complaint.

Accepting as true all factual allegations contained in the complaint, and interpreting the complaint in the light most favorable to plaintiffs, Count III alleges enough facts to support a claim for breach of the CBA. Plaintiffs state that defendants are alter egos, and that they have paid cash to their employees to evade reporting to plaintiff funds. See Pl. Resp. at 5.[2] Although the allegations regarding cash payments are made upon information and belief, these allegations provide the grounds on which the claim rests, and raise a right to relief above a speculative level. Accepting these facts as true, while recognizing that the amended complaint is not the model of clarity, Count III of the amended complaint asserts a cause of action for breach of the CBA. For this reason, Count III survives defendants' motion to dismiss, and the motion will be granted in part and denied in part.

**Defendants' Motion to Strike Paragraph 18, or Alternatively, to Make Paragraph 18 Definite and Certain**

Defendants have also filed a motion to strike paragraph 18, or alternatively, a motion to make paragraph 18 more definite and certain. Because the Court finds that Count III survives defendants' motion to dismiss, and meets the standards articulated by the Supreme Court in Twombly, the Court will deny defendants' motion to strike. Additionally, the Court finds that paragraph 18 is not "so vague or ambiguous that [defendants] cannot reasonably be required to frame a responsive pleading."

---

[2]It is unclear to the Court why paragraph 18 regarding cash payments to employees is included in Count III, which was pleaded as "Defendant Renovation Services, Inc. is the Alter Ego of Defendant Envirotech, Inc."

6

Fed. R. Civ. P. 12(e). Therefore, the Court will deny defendants' motion for a more definite statement.

**Defendants' Motion to Compel Joinder of Employees of Renovation Services, Inc. as Defendants**

Defendants have also filed a motion to compel joinder of all employees of Renovation Services as defendants. Defendants argue that the "gist of the complaint is nothing but an implicit prayer that this Court force Renovation Services to be dissolved or at least barred from work within St. Louis City and St. Louis County." Def. Mot. at ¶ 11. Although the Court finds much of defendants' motion to dismiss persuasive, plaintiffs' amended complaint does allege sufficient facts to support a claim for breach of the CBA. The Court does not agree with defendants' characterization of plaintiffs' amended complaint as an attempt to dissolve Renovation Services or bar it from work within St. Louis City and St. Louis County. Even if the Court were to grant plaintiffs all the relief sought in the amended complaint, Renovations Services would still continue to do business. Therefore, the Court does not agree with defendants' contention that the employees of Renovation Services have a direct interest in this action such that they should be joined pursuant to Federal Rule 19(a)(1)(B). The Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Renovation Services, Inc.'s motion to join in the motions of defendant Envirotech, Inc. is **GRANTED**. [Doc. 24]

**IT IS FURTHER ORDERED** that defendants' motion to dismiss the first amended complaint is **GRANTED** in part and **DENIED** in part. The motion is granted as to Counts I and II, and denied as to Count III. [Doc. 22]

**IT IS FURTHER ORDERED** that defendants' motion to strike paragraph 18 of the amended petition, or alternatively, to make paragraph 18 more definite and certain is **DENIED**. [Doc. 25]

**IT IS FURTHER ORDERED** that defendants' motion to compel joinder of the employees of defendant Renovation Services, Inc. as defendants is **DENIED**. [Doc. 21]

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of August, 2008.