UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-476 CAS ) ) |
| ENVIROTECH, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to strike affirmative defenses and relief requested by defendants. Defendants oppose the motion. For the following reasons, the motion will be granted in part and denied in part.

**Discussion.**

A motion to strike is the proper means for attacking the legal insufficiency of a defense. See 2 MOORE'S FEDERAL PRACTICE § 12.37[4] (Matthew Bender 3d ed. 2006). "As with material in a complaint, the movant must make a strong showing to succeed in striking an affirmative defense." Id. A defense should be stricken only if it is insufficient on the face of the pleadings. "If sufficiency of the defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted. When a defense is relevant, other motions, such as a motion for summary judgment, more thoroughly test the sufficiency of the defense and provide a fuller record." Id.

Res Judicata and Collateral Estoppel

Plaintiffs first seek to strike defendants' second defense, which states:

> The complaint fails to state a claim upon which relief can be granted. Further, by Memorandum and Order entered August 13, 2008 and by Order of Partial Dismissal entered August 13, 2008, Counts I and II have been dismissed with prejudice, each such order being both res judicata and collateral estoppel as to all matters which were alleged in such Counts I and II.

Plaintiffs argue defendants' defense should be stricken because Counts I and II were dismissed without prejudice, and therefore there was no decision on the merits as to these Counts. Without a decision on the merits, plaintiffs state the doctrines of res judicata and collateral estoppel cannot apply.

Plaintiffs are correct that defendants' challenge to Counts I and II was a jurisdictional challenge. Defendants argued in their motion to dismiss, and the Court agreed, that Counts I and II did not state claims for relief because the counts did not allege facts sufficient to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Because these counts were dismissed because of lack of subject matter jurisdiction, the dismissal does not operate as an adjudication on the merits. See Fed. R. Civ. P. 41(b). Because there was no adjudication on the merits as to these claims, the defenses of res judicata and collateral estoppel do not apply as a matter of law. See Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007). The Court will strike defendants' second defense to the extent it pleads res judicata and collateral estoppel.

Failure to Sufficiently Plead Fraud

In their fourth defense, defendants assert the complaint fails to plead the facts and circumstances constituting fraud or fraudulent conduct with particularity under Federal Rule of Civil Procedure 9.[1] Plaintiffs move to strike this defense, stating that this defense was explicitly rejected by the Court's August 13, 2008 Memorandum and Order. Contrary to plaintiffs' argument, however,

---

[1] This defense is pleaded as defendant Renovation Services' third defense.

the Court's August 13, 2008 Memorandum and Order did not explicitly reject this defense. Therefore, the Court will not strike the defense.

Statute of Limitations

In their fifth defense, defendants allege, alternatively, that a two-, three-, or five-year statute of limitations applies to limit plaintiffs' claims.[2] The parties disagree as to which statute of limitations applies, and therefore defendants have pleaded a defense invoking every possibility. Federal Rule of Civil Procedure 8(d) specifically allows a party to set out two or more statements of a defense alternatively. The "pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). The Court need not decide the issue of the statute of limitations on plaintiffs' motion to strike. Plaintiffs may file other motions, such as a motion for summary judgment, to more thoroughly test the sufficiency of the defense and provide a fuller record. See MOORE'S at § 12.37[4]. Plaintiffs' motion to strike defendants' statute of limitations defense is denied.

Declaratory Judgment, Costs, and Attorneys' Fees, Request for Injunction to Prohibit Onsite Appearances, and Injunction Prohibiting Access to Books and Records

Plaintiffs ask the Court to strike defendants' seventh defense, which is actually a Counterclaim for declaratory judgment.[3] The Counterclaim is captioned as "Seventh Defense and Counterclaim," but is nothing more than a counterclaim. This Counterclaim is the subject of plaintiffs' motion to dismiss defendants' counterclaim, and the Court will address that motion separately. To the extent plaintiffs seek to strike defendants' prayer for relief, this falls outside the scope of a motion to strike, and will be denied. See Fed. R. Civ. P. 12(f).

---

[2]This defense is pleaded as defendant Renovation Services' fourth defense.

[3]This defense is pleaded as defendant Renovation Services' fifth defense.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike affirmative defenses and relief requested by defendants is **GRANTED in part** and **DENIED in part**; said motion is granted as to defendants' affirmative defense of res judicata and collateral estoppel and is denied in all other respects. [Doc. 43]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of October, 2008.